UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN L. DAHN,                    )
                                  )
       Plaintiff,                 )
                                  )
v.                                )   No. 3:09-cv-184-JPG-PMF
                                  )
FIFTH THIRD BANK,                 )
                                  )
       Defendant.                 )

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Fifth Third Bank's ("Fifth Third") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 31). Plaintiff Kevin L. Dahn has responded to the motion (Doc. 36).

This case arose after Dahn obtained a home mortgage from Fifth Third. He alleges he did not receive the documents Fifth Third was required to give him under the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1635. As a consequence, he claims, he can rescind the mortgage transaction any time within three years of the transaction and seeks to do so in this litigation. Fifth Third maintains it gave Dahn the proper documents and asks the Court to dismiss Dahn's claim for rescission.

As a preliminary matter, Fifth Third's motion to dismiss refers to matters outside the pleadings, namely, a bank document and a model form contained in the Code of Federal Regulations. With respect to the bank document, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration in determining the relevant facts. *See* Fed. R. Civ. P. 12(d). In this case, the Court declines to consider the bank document and will consider this motion as it was captioned, under Rule 12(b)(6). With respect

to the model form contained in the Code of Federal Regulations, that form is essentially a citation to a regulation, not additional evidentiary material. For this reason, the Court will consider that form in ruling on the motion to dismiss.

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*, 550 U.S. at 556).

Although liberal federal notice pleading standards ensure that even non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts

establishing defense to his claim). It is this theory upon which Fifth Third seeks dismissal in this case.

**II.   Analysis**

   A.   <u>TILA Requirements</u>

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *see also* 15 C.F.R. § 226.1(b); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 762 (7th Cir. 2006). To achieve this goal, Congress authorized the Board of Governors of the Federal Reserve System to promulgate disclosure regulations, 15 U.S.C. § 1604(a), which it has done in the form of Regulation Z, 12 C.F.R. § 226.

Under TILA, in home mortgage transactions like the one at issue in this case, the consumer has a right to rescind the transaction within three business days following either the consummation of the transaction, the delivery to him of a notice of his rescission rights or delivery of all other material disclosures (annual percentage rate, finance charge, amount financed, total payments, payment schedule and certain other disclosures and limitations), whichever is later. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a). The creditor must clearly and conspicuously inform the consumer of that right and provide a form he may use to exercise that right. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1); *see Handy*, 464 F.3d at 761, 763. If the notice of right to rescission or the material disclosures are not delivered, the consumer may rescind the transaction anytime within three years of its consummation. 15 U.S.C. § 1635(f); 12

C.F.R. § 226.23(a)(3); *see Handy*, 464 F.3d at 761.

Regulation Z requires the creditor to deliver two copies of a notice of rescission rights to a consumer, and the notice is required to contain:

> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1). The creditor must provide the rescission notice using the appropriate model form in Appendix H of Regulation Z or a substantially similar notice. 12 C.F.R. § 226.23(b)(2). Model form H-8, the form adopted for home mortgage transactions like Dahn's, reads as follows:

> NOTICE OF RIGHT TO CANCEL
>
> Your Right to Cancel
> You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
>
> (1) the date of the transaction, which is _____; or
> (2) the date you received your Truth in Lending disclosures; or
> (3) the date you received this notice of your right to cancel.
>
> If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

How to Cancel
If you decide to cancel this transaction, you may do so by notifying us in writing, at

(creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of             (date)            (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____      _____
Consumer's Signature                 Date

12 C.F.R. Pt. 226, App. H.

While a creditor is not required to use the exact model form, a creditor will be deemed to have complied with the disclosure requirement if he uses it. 15 U.S.C. § 1604(b). After all, 12 C.F.R. § 226.23(b)(2) requires use of the form *or a substantially similar notice*. Furthermore, a consumer

> shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the [consumer] of the rights of the [consumer] under this section, if the creditor provided the [consumer] the appropriate form of written notice published and adopted by the Board, or a comparable written notice of the

5

rights of the [consumer], that was properly completed by the creditor, and otherwise complied with all other requirements of this section regarding notice.

15 U.S.C. § 1635(h).

"The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer," *Rivera v. Grossinger Autoplex, Inc.,* 274 F.3d 1118, 1121 (7th Cir. 2001), not the subjective understanding of an individual consumer. *Handy*, 464 F.3d at 764. Courts will construe TILA's requirements with hypertechnicality, and if a form has more than one plausible meaning, it will not be found to provide the consumer with clear notice of his rescission rights. *Id.*

B. Dahn's Transaction

Dahn obtained a mortgage from Fifth Third on January 29, 2007. The Amended Complaint alleges, "In connection with the transaction, Plaintiff signed or received . . . two incomplete notices of right to cancel (attached as Exhibit D). . . ." The documents attached as Exhibit D[1] are two copies of a "Notice of Right to Cancel." The notice is nearly identical to model form H-8 contained in Appendix H of 12 C.F.R. Pt. 226. It differs from the model form in that:

• the notice is specifically directed to Dahn;

• the blank for the date of the transaction ("1/29/07") is filled in;

---

[1]There are actually no documents attached to the Amended Complaint, as there should have been. When a plaintiff files an amended complaint, the original complaint is no longer the operative pleading in the case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, any exhibits upon which the amended complaint relies must be attached to and refiled with the amended pleading. The Court will excuse the oversight in this instance and will consider the exhibits Dahn filed with his original complaint, but advises counsel to, in the future, attach all relevant exhibits to amended pleadings.

6

- the blank for the name and address of the lender, Fifth Third, is filled in;

- the blank for the date of the earliest deadline for cancelling the transaction ("02/01/07") is filled in;

- the notice contains the following accurate statement of the law: "Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers," and

- the notice contains an additional verification section providing a place for Dahn to acknowledge by signature his receipt of two copies of the notice on the transaction date.

Dahn's signature was not on Exhibit D and, indeed, he does not recall ever signing the document. Since he did not sign the document contained in Exhibit D, his allegation that he "signed or received" Exhibit D must be interpreted to mean that he simply received it.

Dahn alleges he did not receive Exhibit D at the time of closing on January 29, 2007, or after the closing. Therefore, in order to be consistent with his allegation that he received Exhibit D, his allegations must be construed to mean he received Exhibit D before the date of closing.[2]

Fifth Third asks the Court to dismiss the case because the Court can assess from the pleadings that Exhibit D was sufficient as a matter of law to advise Dahn of his right to rescind. In response, Dahn claims Exhibit D was incomplete because it deviates from the model form contained in Appendix H of 12 C.F.R. Pt. 226. Specifically, he argues that the notice was unclear because the section where Dahn could sign to verify his receipt of the notice was dated with a date other than the date he actually received the notice and that this inaccuracy voids the notice. He also claims when he was first presented with the documents, the blanks had not been

---

[2]Dahn's response to the motion to dismiss states that he did not receive the notice of right to cancel on or before January 29, 2007. This assertion simply cannot be squared with his allegation in the complaint, which must be taken as true, that he received the form, but not at or following the closing.

7

filled in.  He believes this lack of clarity extends the period in which he can rescind the transaction to three years, and he now seeks to do so.

      C.      <u>Adequacy of Notice</u>

Fifth Third's notice to Dahn as reflected in Exhibit D was sufficient as a matter of law to provide the ordinary consumer clear and conspicuous notice of the right to rescind the home mortgage transaction.  The Court notes that Exhibit D contains the entire substance of model form H-8 which, according to the statute, contains all the necessary disclosures.  Thus, it meets the minimum requirements, and the question becomes whether it says too much such that it becomes confusing to the ordinary consumer.

Dahn's argument that the additions to model form H-8 render the form unclear to the ordinary consumer are meritless.  Dahn does not contend that (1) the direction of the notice to Dahn specifically, (2) the completion of the blanks for the date of the transaction, the name and address of Fifth Third, or the date that is three days from the date of the transaction or (3) the additional paragraph accurately stating that any consumer in the transaction has the right to rescind in any way make the notice unclear or defective.  He rests his argument primarily on the existence of the verification section that contained the unsigned statement to acknowledge receipt of the notice on the transaction date.  According to the allegations of the complaint, he did not receive it on that day.

This error, however, did not render the form defective or unclear to the ordinary consumer.  First, the mere existence of a verification section does not create confusion.  The verification section itself is simple and does not conflict with any other part of the notice.  Furthermore, this type of verification is contemplated by TILA as an acceptable means of

8

creating a presumption that the consumer received a disclosure. *See* 15 U.S.C. § 1635(c). It is not necessary, however, when, as in this case, the plaintiff admits he received the notice.

Second, any error in the date printed in the verification did not cause any inaccuracies in the disclosure form. Dahn did not sign the verification acknowledging Fifth Third provided it to him on January 29, 2007, so the inaccurate date is of no consequence. It is as if there was no verification section at all or as if Dahn refused to sign it *because* the date was wrong. That Fifth Third may have one less piece of evidence to establish its provision of the required notice to Dahn, again, is of no consequence to the validity of the document, especially in light of Dahn's admission that he received the document at some point, even if not on January 29, 2007. The verification section simply does not render the notice inaccurate or unclear to the ordinary consumer. A reasonable consumer would easily be able to ascertain, despite the unsigned verification section, that he had until midnight of February 1, 2007, or until midnight of the third business day following the latest of the three events listed earlier in the notice, whichever is later, to rescind the transaction.

Dahn also mentions that when he was first presented with the notice, the blanks were not filled in. What he was shown prior to receiving Exhibit H is irrelevant where Dahn has admitted that he received Exhibit H, which has the necessary blanks filled with the appropriate information.

In sum, although Exhibit H deviates from model form H-8 in several respects, it is substantially similar in that it provides all the information required by TILA and Regulation Z and does not contain superfluous information that would cause an ordinary consumer to be confused about his right to rescind and how to exercise that right. Because Dahn has attached to

his pleading a document that demonstrates, as a matter of law, that Fifth Third's notice of his right to rescind his mortgage transaction complied with TILA and Regulation Z, and because Dahn pleads that he attempted to rescind beyond the three-day rescission period, the Court must dismiss Dahn's claim.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Fifth Third's motion to dismiss this case (Doc. 31) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 20, 2009**

                                                  s/ J. Phil Gilbert
                                                  **DISTRICT JUDGE**